UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALEXIS RAMIREZ,<br>    Petitioner, | Case No. 1:21-cv-324 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Chillicothe Correctional Institution, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, petitioner challenges his 2010 aggravated burglary, felonious assault, rape, kidnapping, aggravated robbery, and tampering with evidence convictions in the Butler County Court of Common Pleas Case No. CR2010-03-542. This matter is before the Court on respondent's motion to transfer the petition to the Sixth Circuit (Doc. 7), which petitioner opposes (Doc. 12).

For the reasons below, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

A.   **BACKGROUND**

**First Habeas Petition**

This is not the first habeas corpus petition filed by petitioner in this Court. In *Ramirez v. Warden*, Case No. 1:14-cv-299 (S.D. Ohio Apr. 10, 2014) (Beckwith, J.; Merz. M.J.), the Court set forth the following procedural history:

> In January 2010, Petitioner Alexis Ramirez, then 14 years old, was arrested and detained in Butler County on charges of rape, kidnapping, aggravated burglary, aggravated robbery, and felonious assault. Proceedings were instituted in juvenile

---

[1] Because petitioner is presently located at the Chillicothe Correctional Institution, the Warden of this institution is the proper respondent in this case.

court to determine whether Petitioner should be bound over to the common pleas court to be tried as an adult on the offenses alleged in the juvenile complaint.

. . .

The juvenile court judge weighed the relevant statutory factors and determined that jurisdiction over Petitioner should be relinquished to the common pleas court because he was not amenable to treatment as a juvenile, and because the public's safety required that he face adult punishment. After Petitioner was bound-over, the grand jury returned an indictment charging him with three counts of rape, two counts of kidnapping, and one count each of aggravated burglary, aggravated robbery, felonious assault, and tampering with evidence.

Petitioner initially pled not guilty by reason of insanity and moved for a competency evaluation.

. . .

The common pleas judge determined that Petitioner was competent to stand trial. Petitioner withdrew his not guilty pleas and pled no contest to the indictment. The trial judge accepted Petitioner's no contest pleas, found him guilty on all counts, and sentenced him to a total term of 28 years of imprisonment.

Petitioner, represented by new counsel on appeal, raised three assignments of error in his direct appeal: 1) the juvenile court erred in binding him over to the common pleas court; 2) the trial court erred in finding he was competent to stand trial; and 3) the trial court erred in convicting him of rape and kidnapping when they are allied offenses of similar import. The court of appeals rejected Petitioner's first two assignments of error but concluded the trial court should have merged the kidnapping charge with the first rape charge. The court remanded the case to the trial court for further proceedings. State v. Ramirez, No. CA2010-11-305, 2011 WL 6382537 (Ohio Ct. App. Dec. 19, 2011). Petitioner did not file an appeal of the court of appeals' judgment with the Supreme Court of Ohio. On remand, the trial court merged counts three, six, and seven and, in a judgment journalized on August 13, 2012, resentenced Petitioner to 28 years of imprisonment.

Petitioner did not file a notice of appeal from that judgment. Instead, on August 14, 2013, Petitioner, represented by his counsel in this case, filed a motion with the Supreme Court of Ohio pursuant to Supreme Court Practice Rule 7.01(A)(4) to file a delayed appeal from the court of appeals' December 2011 judgment. Petitioner's delayed appeal sought to raise claims of ineffective assistance of trial and appellate counsel and that his sentence violates the Eighth Amendment. On October 23, 2013, the Supreme Court of Ohio entered an order denying Petitioner's motion to

2

file a delayed appeal.

(Doc. 6, Ex. 26 at PageID 420-22).

Petitioner filed his first federal habeas petition in this Court on April 10, 2014. In the petition, petitioner raised the following two ground for relief:

**GROUND ONE**: Ineffective Assistance of Counsel

**Supporting Facts**: Alex Ramirez's confinement is in violation of his right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution, as incorporated into the Due Process Clause of the Fourteenth Amendment. The representation in this case fell far below the standard set by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80L.Ed. 2d 674 (1984).

**GROUND TWO**: Cruel and Unusual Punishment

**Supporting Facts**: Alex Ramirez's sentence violated his right to be free of cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution, as incorporated into the Due Process of the Fourteenth Amendment. As the United States Supreme Court explained in *Miller v. Alabama*, --U.S.--, 132 S.Ct. 2455, 2464, 183 L.Ed. 2d. 407 (2012):

> *Roper* and *Graham* established that children are constitutionally different from adults for the purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, we explained, "they are less deserving of the most severe punishments." *Graham*, 560 U.S. at 68, 130 S. Ct. at 2025, 176 L.Ed.2d 825. Those cases relied on three significant gaps between juveniles and adults. First children have a "'lack of maturity and an underdeveloped sense of responsibility,'" leading to recklessness, impulsivity, and heedless risktaking. *Roper*, 543 U.S., at 569, 125 S. Ct. 1183, 161 L.Ed.2d 1. Second, children "are more vulnerable. . . to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. Ibid. And third, a child's character is not as "well formed" as an adults; his traits are "less fixed" and his actions are less likely to be "evidence of irretrievabl[e] deprav[ity]." *Id.*, at 570, 125 S.Ct. 1183, 161 L.Ed. 2d 1.

Alex was barely 14 when he was arrested.

(Doc. 6, Ex. 23 at PageID 380-82). On December 4, 2015, the Court denied the petition, finding that petitioner procedurally defaulted and waived his grounds for relief. (Doc. 6, Ex. 26). The Sixth Circuit Court of Appeals denied petitioner a certificate of appealability on November 22, 2016. (Doc. 6, Ex. 29).

### Motion to Vacate Plea

On June 23, 2017, following the denial of his first habeas corpus petition, petitioner, through counsel, filed a "Motion to Vacate Plea Under *Padilla v. Kentucky*" in the Butler County Court of Common Pleas. (Doc. 6, Ex. 30, 31). The trial court denied the motion on November 30, 2018. (Doc. 6, Ex. 32).

Petitioner appealed the decision to the Ohio Court of Appeals. (Doc. 6, Ex. 33). Petitioner raised two assignments of error:

1. The trial court erred as a matter of law by denying appellant's emergency motion to vacate guilty plea under *Padilla v. Kentucky*.

2. The trial court erred as a matter of law by finding appellant's emergency motion to vacate plea under *Padilla v. Kentucky* barred under the doctrine of *res judicata*.

(Doc. 6, Ex. 33 at PageID 493, 502). On July 29, 2019, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Ex. 36).

On October 22, 2019, petitioner, through counsel, filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (Doc. 6, Ex. 37, 38). On December 17, 2019, the Ohio Supreme Court granted petitioner's motion. (Doc. 6, Ex. 40). Petitioner raised the following three propositions of law in his memorandum in support of jurisdiction:

1. Defense counsel's failure to inform non-citizen defendant of the clear and unambiguous immigration consequences of his no contest plea constitutes

4

      ineffective assistance of counsel.

2. A non-citizen defendant is prejudiced by defense counsel's ineffective assistance if he would not have entered the no contest plea had he had been aware of and understood the clear immigration consequences of his conviction.

3. A defendant, who suffered from diminished capacity, is prejudiced by defense counsel's failure to meet the heightened duty to his client.

(Doc. 6, Ex. 44). On July 7, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 46).

## Second Habeas Petition

Petitioner, through counsel, filed the instant habeas petition on May 13, 2021. (Doc. 1). Petitioner raises the following two grounds for relief in the petition:

**GROUND ONE**: Ineffective Assistance of Counsel

Supporting facts: Alexis's confinement violates his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, as incorporated by the Due Process Clause of the Fourteenth Amendment. The representation in this case fell far below the standard set by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984).

The United States Supreme Court extended the *Strickland* test in *Padilla* to the duty of defense counsel to inform defendants of the immigration consequences of a plea and held that when the deportation consequences of pending criminal charges are "truly clear," a criminal defense attorney has a duty to give equally clear advice regarding those consequences. *Padilla v. Kentucky*, 559 U.S. 356, 368 (2010).

Alexis's attorney was not "constitutionally competent." He did not discuss with his client (nor his mother) the fact that, under federal law, his plea to the charges would result in his deportation, without question. Nor did his attorney ever confer with Alexis's mother who was present at all proceedings. Nor did his attorney move for the appointment of a guardian *ad litem*.

8 U.S.C. § 1227(a)(92)(iii) specifically states that "any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1101(a)(43). The Immigration and Nationality Act (INA) defines the term "aggravated felony" and enumerates the following specific offenses: (A) rape; (F)

5

crime of violence for which the term of imprisonment is at least one year. *Id*. As in *Padilla*, the offense here did not fall into "some broad classification of crimes" which may carry the consequence of deportation. *Padilla*, at 348. Rather, the offenses Alexis unknowingly pled no contest to are specifically delineated in the statute. Alexis's deportation is "presumptively mandatory." *See id*. at 357.

Alexis was prejudiced by the ineffective assistance of his counsel; he would not have entered his no contest plea had he been aware of and understood the clear immigration consequences of his conviction. Alexis did not gain anything by pleading to the indictment, as an inducement to accept the immigration consequences of his plea, assuming that he was aware of what his court-appointed attorney was doing—which he clearly did not and his attorney never spoke to his mother who was always present in court. Alexis was clearly prejudiced by the lack of immigration advice he received from his counsel. Had he been advised that he will be deported, he would have taken his chances at trial. *Lee v. United States*, 582 U.S. __, 137 S.Ct. 1958, 198 L.Ed.2d 476 (2017). He would have received the same sentence as he received by pleading no contest had he gone to trial. There were no plea bargains. None.

In addition to his youth, Alexis suffered from severe mental illness. The Ohio Rules of Professional Conduct 1.14(b) makes it clear that when an attorney has a client with diminished capacity and there is a risk of substantial harm, the lawyer has a heightened duty to take reasonably necessary action, including seeking the appointment of a guardian *ad litem*, to ensure no harm is done to the client.

The United States Supreme Court has ruled repeatedly — as recently as January 25, 2016 in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) — that it is immoral and unconstitutional to equate offenses committed by mentally and emotionally underdeveloped adolescents with crimes committed by adults, finding that children are constitutionally different from adults for issues of culpability, reform, and sentencing. Alexis was a deeply troubled child who warranted special considerations in a criminal proceeding. *Graham v. Florida*, 560 U.S. 48, 68-69, 130 S.Ct. 2011 (2010). Trial counsel had a heightened responsibility to ensure that Alexis understood the impact of a no contest plea, but instead counsel again failed his client.

**GROUND TWO:** Cruel and Unusual Punishment

Supporting facts: Alexis Ramirez's sentence violated his right to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution, as incorporated by the Due Process Clause of the Fourteenth Amendment. As the United States Supreme Court explained in *Miller v. Alabama*, 567 U.S. __, 132 S. Ct. 2455, 2464, 183, L.Ed. 2d 407 (2012):

6

> *Roper* and *Graham* established that children are constitutionally different from adults for the purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform, we explained, "they are less deserving of the most severe punishments." *Graham*, 560 U.S. at 68, 130 S. Ct. at 2025 176 L.Ed.2d 825. Those cases relied on three significant gaps between juveniles and adults. First, children have a "'lack of maturity and an underdeveloped sense of responsibility,'" leading to recklessness, impulsivity, and heedless risk-taking. *Roper*, 543 U.S., at 569, 125 S. Ct. 1183, 161 L.Ed.2d 1. Second, children "are more vulnerable . . . to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. *Ibid*. And third, a child's character is not as "well formed" as an adult's; his traits are "less fixed" and his actions less likely to be "evidence of irretrievabl[e] deprav[ity]." *Id.*, at 570, 125 S.Ct. 1183, 161 L.Ed. 2d 1.

Alexis was barely fourteen years old when he was arrested.

(Doc. 1 at PageID 8-11).

Respondent has filed a motion to transfer the petition to the Sixth Circuit Court of Appeals as a second or successive petition, which is opposed by petitioner. (Doc. 7, 12).

**B. ANALYSIS**

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim

relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). If the petition is second or successive, the district court lacks jurisdiction to review the petition on the merits and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010)).

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at

8

645. Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

  In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g.,*

9

*McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[2]

A habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood,* 561 U.S. at 331-39. A "new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015). *See also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

In this case, petitioner advances several arguments in support of his position that the instant petition is not successive. Petitioner first contends that dismissal of his first, April 10, 2014 petition did not include a judgment on the merits. (*See* Doc. 12 at PageID 708-09). However, as noted above, this Court denied petitioner's first petition on the ground that petitioner procedurally defaulted and waived his grounds for relief.[3] A dismissal because the

---

[2] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, . . . is not the equivalent of a successive habeas petition").

[3] Petitioner and respondent both suggest that petitioner's first petition was dismissed as time-barred. (*See* Doc. 12 at PageID 706, 709; Doc. 7 at PageID 686). Although the Magistrate Judge recommended that the petition be dismissed as time-barred (*See* Doc. 6, Ex. 24 at PageID 395), the District Judge ultimately denied the petition based on the procedural default of petitioner's grounds for relief. (*See* Doc. 6, Ex. 26 at PageID 425-29). In any event, the undersigned notes that even if the petition was dismissed as time-barred it would not alter the undersigned's conclusion that the petition was dismissed on the merits. "When a prior petition is dismissed on the basis of the statute of limitations, it is a decision on the merits, rendering a subsequent application second or successive." *Sherman v. Sims*, No. 14-07-GFVT, 2014 WL 6850769, at *3 (E.D. Ky. Dec. 3, 2014) (citing *Warren v. Burt*, No. 1:13-cv-570, 2013 WL 3014161, at *2 (W.D. Mich. June 17, 2013)). *See also In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding

petitioner procedurally defaulted his claims in the state court qualifies as a dismissal "on the merits" and petitioner must obtain authorization from the Sixth Circuit Court of Appeals before filing the successive petition. *See In re Cook*, 215 F.3d at 608; *Carter*, 150 F.3d at 205-206.

Second, petitioner argues that the instant petition challenges a different judgment than his first petition. As noted above, following the dismissal of his first petition, petitioner filed a post-conviction petition in the trial court seeking to vacate his plea under *Padilla v. Kentucky*, 599 U.S. 356 (2010). (Doc. 6, Ex. 30). However, the Ohio courts' decisions on petitioner's post-conviction petition did not result in a new judgment. To the contrary, the Ohio courts denied petitioner relief and left his judgment intact. (*See* Doc. 6, Ex. 32, 36, 46). Absent a new judgment, petitioner's case does not fall within the exceptions recognized in *King, In re Stansell,* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b). Furthermore, to the extent that petitioner seeks habeas relief based on alleged errors in the post-conviction proceedings, his claim is not cognizable in federal habeas review because "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).[4]

---

that "where the statute of limitations has run" the dismissal is "on the merits").

[4] The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, it is well-settled in the Sixth Circuit that the "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See*, *e.g.*, *Dickey v. Warden,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)).

Next, petitioner—citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)—contends that his claims were not ripe at the time he filed his first petition.[5] (*See* Doc. 12 at PageID 707-708). Although "a petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed," *In re Tibbetts*, 869 F.3d at 406 (citing *Panetti,* 551 U.S. at 945-47), courts have been careful to distinguish petitions containing unripe claims from those claims that are discovered after filing an initial petition. *See, e.g., Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) ("when discerning whether a second-in-time petition is successive, courts must be careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as 'second or successive'"). As argued by respondent, petitioner filed his first petition several years after *Padilla* was decided.[6]

---

[5] In *Panetti*, the Supreme Court held that an incompetency-to-be-executed claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), raised in a second-in-time federal habeas corpus petition was not successive under § 2244(b). The *Panetti* Court noted that *Ford*-based incompetency claims are generally not ripe until after the time has run to file a first federal habeas petition—that is, not until the time of the petitioner's scheduled execution. *Id.* at 943. Based on the "unusual posture" of the *Ford* claim, the Court held that the statutory bar on successive applications for federal habeas corpus did not apply and the district court had jurisdiction to adjudicate the claim. *Id.* at 945. As discussed below, unlike the *Ford* claim in *Panetti*, in this case petitioner's claims were ripe prior to filing his first habeas petition.

[6] Petitioner also claims that his ineffective assistance of counsel claim is based on *Lee v. United States*, __ U.S. __, 137 S.Ct. 1958 (2017), which was decided after he filed his first petition. However, the Sixth Circuit has held that "if the claims raised by the petitioner fall within the scenario addressed by 28 U.S.C. § 2244(b)(2)(A)—the Supreme Court has made a new rule of constitutional law, not previously available, retroactive to cases on collateral appeal—then the petition is deemed second or successive and the claim must pass through the gatekeeping strictures of that provision." *In re Wogenstahl,* 902 F.3d 621, 627 *(*6th Cir. 2018). *See also In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (rejecting that "a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition," noting "[t]hat is precisely the scenario that § 2244(b)(2)(A) addresses"); *Fuller v. Bishop*, No. PWG-18-1598, 2018 WL 9869721, at *2 (D. Md. Oct. 17, 2018) (rejecting the petitioner's claim that his petition was not successive because it was based on *Lee* and noting that determinations under § 2244(b)(2) must be made by the Court of Appeals).

The factual predicate for petitioner's ineffective assistance of counsel claim—counsel's failure to advise petitioner of the immigration consequences of his plea—also occurred before petitioner filed his first petition. *See In re Jackson*, 12 F.4th 604, 608 (6th Cir. 2021) ("a habeas claim was ripe if the facts underlying the claim 'had already occurred when [the petitioner] filed his petition'") (quoting *In re Wogenstahl*, 902 F.3d at 627-28).

Finally, to the extent that petitioner argues that his claims were not exhausted when he filed his first petition (*see* Doc. 12 at PageID 707), this does not render his claim unripe or his petition not successive. *See In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) ("Generally, a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first habeas petition."). Petitioner has not established that the claims he raises in the instant habeas corpus petition were unripe at the time he filed his first habeas corpus petition.

Accordingly, the undersigned concludes that the petition is "successive" within the meaning of § 2244(b). This is the second petition filed by petitioner challenging his Butler County, Ohio convictions. As noted above, petitioner's first petition was denied "on the merits" and this case does not involve an intervening "new judgment" that falls within the exception recognized in *King, In re Stansell,* and *Magwood* or any other exception for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in

13

the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), respondent's motion (Doc. 7) be **GRANTED** and the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

Date: 2/9/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEXIS RAMIREZ,  Case No. 1:21-cv-324
    Petitioner,

    vs. Barrett, J.
 Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).