# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Alexis Ramirez,

    Petitioner,

        v.                         Case No. 1:21-cv-00324

Warden, Chillicothe
Correctional Institution,[1]          Judge Michael R. Barrett

    Respondent.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 13). The Magistrate Judge recommends that the Court grant the Respondent's Motion to Transfer the pending Petition for Writ of Habeas Corpus, brought under 28 U.S.C. § 2254, to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") as a second or successive petition. (*Id.*); *see* (Doc. 7). Petitioner filed timely objections. (Doc. 20).

## I.   STANDARD OF REVIEW

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

---

[1] As Petitioner is currently incarcerated at the Chillicothe Correctional Institution, the Warden of that institution is the proper Respondent in this matter. *See* 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

## II. ANALYSIS

The Magistrate Judge adequately summarized the factual and procedural background of this case in the R&R, and the Court will not repeat the same herein unless necessary to respond to Petitioner's objections. (Doc. 13 PageID 714-20); *cf. Ramirez v. Madison Corr. Inst.*, No. 1:14-CV-299, 2015 WL 7888388, at *1-3 (S.D. Ohio Dec. 4, 2015) (background section of this Court's Order dismissing Petitioner's first Petition for Writ of Habeas Corpus, brought under 28 U.S.C. § 2254, with prejudice).

Petitioner first argues that the Magistrate Judge erred by finding that the dismissal of Petitioner's first Petition for Writ of Habeas Corpus included a judgment on the merits. (Doc. 20 PageID 744-46); *see* (Doc. 13 PageID 723-24). However, in the Court's December 2015 Order dismissing Petitioner's first Petition, the Court found Petitioner's Sixth Amendment ineffective assistance of counsel and Eighth Amendment cruel and unusual punishment claims to be procedurally defaulted and thus the dismissed the first Petition with prejudice. *Ramirez*, 2015 WL 7888388, at *5; *see* (Doc. 13 PageID 723-24). A dismissal with prejudice based on procedural default is deemed an adjudication on the merits that renders the Petition currently before the Court "second or successive" for purposes of 28 U.S.C. § 2244(b). (Doc. 13 PageID 723-24); *see In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).

Petitioner appears to concede that the Court's December 2015 Order regarding his first Petition was based on procedural default, and not on the statute of limitations, *compare* (Doc. 12 PageID 708-09), *and* (Doc. 13 PageID 723 n.3), *with* (Doc. 20 PageID 745), and, for the first time in the current matter, now appears to argue that he should not be held accountable for his trial and appellate state court attorneys' procedural

2

default and thus this Court should decline to treat its December 2015 Order as a decision on the merits and that such a result would eliminate the need to transfer this matter to the Sixth Circuit, (Doc. 20 PageID 745-46) (first citing in *Martinez v. Ryan*, 566 U.S. 1 (2012); and then citing *Shinn v. Ramirez*, 142 S. Ct. 1718, 1743-45 (2022) (Sotomayor, J., dissenting)). However, as Petitioner raises this new argument, without any additional support or analysis, for the first time in his objections, the Court declines to consider it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Petitioner next asserts that the Magistrate Judge erred by finding that the relevant judgment for purposes of this Court's current analysis is Petitioner's August 13, 2012[2] resentencing judgment and the Ohio courts' decisions regarding Petitioner's June 2017 "Motion to Vacate Plea Under *Padilla v. Kentucky*" did not result in a new judgment for purposes of habeas relief. (Doc. 20 PageID 746); *see* (Doc. 13 PageID 724); *see also* (Doc. 6 Ex. 32) (Nov. 2018, Court of Common Pleas Butler County, Ohio, Entry Denying Motion to Vacate Plea under *Padilla v. Kentucky*); (*id.* Ex. 36) (July 2019, Court of Appeals Twelfth Appellate District of Ohio, Judgment Entry); (*id.* Ex. 46) (July 2020, The Supreme Court of Ohio, Entry). Petitioner maintains that the relevant judgment is the final judgment denying his "Motion to Vacate Plea Under *Padilla v. Kentucky*." (Doc. 20 PageID 746). Petitioner, though, does not support his argument with any case law and ignores the case law that the Magistrate Judge relied on. (Doc. 20 PageID 746); *see* (Doc. 13 PageID 724). The relevant judgment for purposes of a district court's second or successive petition analysis is a petitioner's sentencing judgment. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The

---

[2] The trial court held Petitioner's resentencing hearing on July 26, 2012. (Doc. 6 Ex. 19 PageID 327).

3

sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))). The relevant judgment for purposes of this Court's current analysis is Petitioner's August 13, 2012 resentencing judgment and this is the same sentence that Petitioner challenged in his first Petition. *See Ramirez*, 2015 WL 7888388, at *2.

Petitioner also contends that the Magistrate Judge erred by holding that Petitioner's current claims were ripe at the time that he filed his first Petition. (Doc. 20 PageID 746-47); *see* (Doc. 13 PageID 725-26). However, Petitioner's first claim,[3] based on *Padilla v. Kentucky*, 559 U.S. 356 (2010), could have been raised in the state court shortly after the Supreme Court of the United States decided *Padilla*, and Petitioner could have included this claim in his first Petition and then sought a stay to exhaust the claim in state court. (Doc. 13 PageID 726) ("The factual predicate for petitioner's ineffective assistance of counsel claim—counsel's failure to advise petitioner of the immigration consequences of his plea—also occurred before petitioner filed his first petition." (citing *In re Jackson*, 12 F.4th 604, 608 (6th Cir. 2021))); *see In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) ("Generally, a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first habeas petition. Instead, at the time of the first petition, if the petition is not held in abeyance, the petitioner must either forgo unexhausted claims, or voluntarily dismiss the then-exhausted claims so as later, once all the claims have been exhausted, to bring all the claims together.") (internal citation omitted).

---

[3] Petitioner ignores the fact that his second claim, based on the Eight Amendment, is word-for-word the same in his first Petition and the current Petition. *Compare Ramirez v. Madison Corr. Inst.*, No. 1:14-CV-299, (Doc. 1 PageID 15-16), *with* (Doc. 1 PageID 10-11).

4

In sum, the Court agrees with the Magistrate Judge that the current Petition is a second or successive petition, the Court lacks jurisdiction to consider it without authorization from the Sixth Circuit, and the Court must transfer it to the Sixth Circuit for consideration.

### III.   CONCLUSION

Based on the foregoing de novo review, the Court **OVERRULES** Petitioner's Objections (Doc. 20) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R (Doc. 13). Accordingly, it is hereby **ORDERED** that Respondent's Motion to Transfer Habeas Petition (Doc. 7) is **GRANTED**, and this matter is **TRANSFERRED** to the Sixth Circuit.

IT IS SO ORDERED.

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court